UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
MATTHEW SMITH,

               Plaintiff.                         **COMPLAINT
                                                       AND DEMAND FOR
  -against-                                JURY TRIAL**

THE CITY OF NEW YORK and                   07cv7993
CORRECTION OFFICER "JOHN DOE"
(said name being fictitious, as the true name          BSJ
 is presently unknown), Individually and
in his Official Capacity,

               Defendants.
------------------------------------------------------x

      Plaintiff, MATTHEW SMITH, by and through his attorney, **ARNOLD J. LEVINE, ESQ.**, complaining of the defendants herein, respectfully shows the Court and alleges:

**PRELIMINARY STATEMENT**

      1. Plaintiff brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, for the wrongful acts of Defendants THE CITY OF NEW YORK and CORRECTION OFFICER "JOHN DOE" (said name being fictitious, as the true name is presently unknown), as an Officer of the New York City Department of Correction, acting under color of state law and pursuant to his authority, in violation of Plaintiff's rights secured by the Civil Rights Act of 1871, 42 U.S.C. §§ 1981, 1983, 1988; by the United States Constitution, including its Fourth, Fifth, Eighth, and Fourteenth Amendments; and by the laws and Constitution of the State of New York.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and the constitutional, statutory, and common laws of the State of New York.

3. Jurisdiction is invoked herein pursuant to the aforementioned statutory and constitutional provisions and pursuant to 28 U.S.C. §§ 1331, 1343, this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

4. Plaintiff further invokes this Court's pendent jurisdiction over any and all state-law claims and causes of action which derive from the same nucleus of operative facts that give rise to the federally based claims and causes of action pursuant to 28 U.S.C. § 1367.

## VENUE

5. Venue is properly laid in the this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

6. Plaintiff demands a trial by jury on each and every one of his claims as pled herein pursuant to Fed., R. Civ. P.38(b).

## PARTIES

7. At all times relevant hereto Plaintiff was and is a resident of Kings County in the State of New York, in the Eastern District of New York.

8. At all times relevant hereto defendant THE CITY OF NEW YORK (hereinafter, "NYC") was and is a municipality of the State of New York and owns, operates, manages, directs, and controls the New York City Department of Correction, which employs the other named Defendant.

9. At all times relevant to this action, Defendant CORRECTION OFFICER "JOHN DOE" (said name being fictitious, as the true name is presently unknown) is and was a correction officer employed by the New York City Department of Correction (hereinafter, "DOC"), and acting under color of state law. He is being sued in both his individual and official capacities.

10. At all times relevant hereto and in all his actions described herein, the Defendant CORRECTION OFFICER "JOHN DOE" (said name being fictitious, as the true name is presently unknown) was acting under color of statutes, ordinances, regulations, policies, customs, and usages of the DOC and NYC, pursuant to his authority as an employee, servant, and agent of the DOC within the scope of employment and incidental to his otherwise lawful duties and functions as employee, servant, agent, and CORRECTION OFFICER.

11. NYC was responsible for the hiring, training, supervision, discipline, retention, and promotion of the CORRECTION OFFICER, captains, and/or employees of the DOC.

## FACTS

12. On June 17, 2006, at about 10:30 a.m., Plaintiff MATTHEW SMITH was in or about the area of 1st Avenue and 104th Street, in New York County, New York.

13. Plaintiff was sitting in a van when he was approached by police officers, including Police Officer Peter Gibbons, and arrested for allegedly violating New York Penal Law sections 215.51 and 240.30.

14. Plaintiff was taken to the 23rd police precinct, where his arrest was processed.

15. Following the completion of the arrest process, Plaintiff was transported by Police Officer Peter Gibbons to Central Booking at 100 Centre Street, in Manhattan, New York.

16. At Central Booking and in the presence of Police Officer Peter Gibbons, Defendant Correction Officer "John Doe" (said name being fictitious, as the true name is presently unknown) repeatedly punched, kicked, and pushed Plaintiff.

17. Plaintiff had done nothing to provoke Defendant Correction Officer "John Doe" (said name being fictitious, as the true name is presently unknown).

18. At no time did Plaintiff strike, shove, push, or kick or threaten or attempt to do the same to Defendant Correction Officer "John Doe" (said name being fictitious, as the true name is presently unknown).

19. Defendant Correction Officer "John Doe" (said name being fictitious, as the true name is presently unknown) stopped beating, punching, kicking, and pushing Plaintiff only after being told to stop by Police Officer Peter Gibbons.

20. As a result of the actions of Correction Officer "John Doe" (said name being fictitious, as the true name is presently unknown), Plaintiff suffered pain to his face, head, and back, requiring medical attention, before his initial arraignment.

21. As a result of the actions of Correction Officer "John Doe" (said name being fictitious, as the true name is presently unknown), Plaintiff continues to suffer pain and discomfort in his back.

22. On September 14, 2006, and within ninety (90) days of the incident, a Notice of Claim on behalf of Plaintiff MATTHEW SMITH was served upon NYC.

23. On August 31, 2007, an oral examination of Plaintiff was conducted pursuant to Section 50-h of the General Municipal Law.

24. At least thirty (30) days have elapsed since said demand and/or claim upon which this action is in part predicated was presented to NYC for adjustment and NYC has neglected and/or refused to adjust and/or make payment.

25. This action is commenced within one (1) year and ninety (90) days of the occurrence herein.

## FIRST CLAIM FOR RELIEF: DEPRIVATION OF FEDERAL CIVIL RIGHTS

26. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 1 through 25 with the same force and effect as if fully set forth herein.

27. All of the aforementioned acts of Defendants, their agents, servants, and employees were carried out under color of state law.

28. All of the aforementioned acts deprived Plaintiff MATTHEW SMITH of the rights, privileges, and immunities guaranteed citizens of the United States by the Fourth, Fifth, Eight, and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

29. The acts complained of were carried out by the aforementioned individual Defendant in his capacity as New York City Correction Officer, with the entire actual and/or apparent authority attendant thereto.

30. The acts complained of were carried out by the aforementioned individual Defendant in his capacity as New York City Correction Officer, pursuant to the customs, usages, practices, procedures, and rules of NYC and the DOC, all under the supervision of ranking officers of said department.

31. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure, or rule of his respective municipality/authority, which is forbidden by the Constitution of the United States.

32. By these actions, these Defendants have deprived Plaintiff of rights secured by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually liable.

**SECOND CLAIM FOR RELIEF:**
**EXCESSIVE FORCE UNDER 42 U.S.C. § 1983**

33. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 1 through 32 with the same force and effect as if fully set forth herein.

34. The degree of force used by Defendant Correction Officer "John Doe" (said name being fictitious, as the true name is presently unknown), against Plaintiff was excessive, unreasonable, and unwarranted.

35. Defendants' actions were intentional, willful, malicious, egregious, grossly reckless and negligent, unconscionable, and unprovoked.

36. As a result of the excessive force and brutality, Plaintiff sustained substantial pain, and bruising about his face, head, and body, which required medical attention.

37. All of the aforementioned acts of the Defendants constituted excessive force under the laws of the State of New York and the Defendants are liable said damage. Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

### THIRD CLAIM FOR RELIEF:
### ASSAULT AND BATTERY

38. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 1 through 37 with the same force and effect as if fully set forth herein.

39. By the aforementioned actions, the Defendant CORRECTION OFFICER "JOHN DOE" (said name being fictitious, as the true name is presently unknown) did inflict assault and battery upon the Plaintiff MATTHEW SMITH. The acts and conduct of the Defendant CORRECTION OFFICER (said name being fictitious, as the true name is presently unknown) were the direct and proximate cause of injury and damage to the Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

40. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific bodily injury, pain and suffering, great humiliation, costs, and expenses and was otherwise damaged and injured.

### FOURTH CLAIM FOR RELIEF:
### MUNICIPAL LIABILITY

41. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 1 through 40 with the same force and effect as if fully set forth herein.

42. Defendant CORRECTION OFFICER "JOHN DOE" (said name being fictitious, as the true name is presently unknown) used excessive and unreasonable force against Plaintiff while taking custody of Plaintiff from Police Officer Peter Gibbons despite a lack of force or resistance by Plaintiff, notwithstanding his knowledge that said force would jeopardize Plaintiff's liberty, well-being, safety, and constitutional rights.

43. The acts complained of were carried out by the aforementioned Defendant in his capacity as New York City Correction Officer and official, with the entire actual and/or apparent authority attendant thereto.

44. The acts complained of were carried out by the aforementioned individual Defendant in his capacity as New York City Correction Officer and official pursuant to the customs, policies, usages, practices, procedures, and rules of NYC and the DOC, all under the supervision of ranking officers of said department.

45. The foregoing customs, policies, usages, practices, procedures, and rules of NYC and the DOC constituted deliberate indifference to the safety, well-being, and constitutional rights of Plaintiff MATTHEW SMITH.

46. The foregoing customs, policies, usages, practices, procedures, and rules of NYC and the DOC were the proximate cause of the constitutional violations suffered by Plaintiff MATTHEW SMITH as alleged herein.

47. The foregoing customs, policies, usages, practices, procedures, and rules of NYC and the DOC were the moving force behind the constitutional violations suffered by Plaintiff MATTHEW SMITH as alleged herein.

48. Defendant, while acting under color of state law, was directly and actively involved in violating the constitutional rights of Plaintiff MATTHEW SMITH.

49. Defendant NYC, as municipal policymaker in the training and supervision of Defendant CORRECTION OFFICER "JOHN DOE"(said name being fictitious, as the true name is presently unknown), has pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violations of their freedom from the excessive use of force and unreasonable force and freedom from deprivation of Liberty without Due process of law in violation of the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, and the Constitution and laws of the State of New York.

50. All of the foregoing acts by Defendants deprived Plaintiff MATTHEW SMITH of federally protected rights, including, but not limited to, the right:

    a.    Not to be deprived of liberty without due process of law;

    b.    To be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

    c.    To be protected against violations of his civil and constitutional rights.

    d.    To be free from intentional assault, battery, and infliction of emotional distress;

    e.    Not to be deprived of substantive due process of law;

    f.    Not to have cruel and unusual punishment imposed upon him; and

    g.    Not to be punished without due process of law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory damages in the amount of ONE HUNDRED THOUSAND ($100,000.00) DOLLARS; and

2. Punitive damages in the amount of TWO HUNDRED THOUSAND ($200,000.00) DOLLARS; and

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court deems just and proper.


DATED:   New York, New York
         SEPTEMBER 11, 2007

                                        Respectfully submitted,


                                        /S/ Arnold J. Levine
                                        Arnold J. Levine (AL6819)

                                        ARNOLD J. LEVINE, ESQ.
                                        *Attorney for Plaintiff*
                                        The Woolworth Building
                                        233 Broadway, Suite 901
                                        New York, New York 10279
                                        (212) 732-5800