UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

MATTHEW SMITH,

                Plaintiff,

-against-

THE CITY OF NEW YORK and CORRECTION OFFICER "JOHN DOE" (said name being fictitious, as the true name is presently unknown), Individually and in his Official Capacity,

                Defendants.

**ANSWER TO COMPLAINT**

07-CV-7993(BSJ)

JURY TRIAL DEMANDED

------------------------------------------------------------------------ x

       Defendant City Of New York, by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the amended complaint, respectfully alleges, upon information and belief, as follows:

       1. Denies the allegations set forth in paragraph "1" of the complaint, except Admits that plaintiff purports to proceed as stated therein.

       2. Denies the allegations set forth in paragraph "2" of the complaint, except Admits that plaintiff purports to proceed as stated therein.

       3. Denies the allegations set forth in paragraph "3" of the complaint, except Admits that plaintiff purports to proceed as stated therein.

       4. Denies the allegations set forth in paragraph "4" of the complaint, except Admits that plaintiff purport to proceed as stated therein.

       5. Denies the allegations set forth in paragraph "5" of the complaint, except Admits that plaintiff purports to base venue as stated therein.

6. Denies the allegations set forth in paragraph "6" of the complaint, except Admits that plaintiff purport to proceed as stated therein.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Denies the allegations set forth in paragraph "8" of the complaint, except Admits that the City of New York is a municipality of the State of New York and that it has a Department of Correction.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint, as the allegations refer to a fictitious person.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint, as the allegations refer to a fictitious person.

11. Denies the allegations set forth in paragraph "11" of the complaint.

12. Admit the allegations in paragraph "12" of the complaint.

13. Denies the allegations set forth in paragraph "13" of the complaint, except Admits that plaintiff was arrested for violations of New York Penal Law sections 215.51 and 240.30.

14. Admit the allegations set forth in paragraph "14" of the complaint.

15. Denies the allegations set forth in paragraph "15" of the complaint, except Admit that plaintiff was transported to Manhattan Central Booking.

16. Denies the allegations set forth in paragraph "16" of the complaint.

17. Denies the allegations set forth in paragraph "17" of the complaint.

18. Denies the allegations set forth in paragraph "18" of the complaint.

19. Denies the allegations set forth in paragraph "19" of the complaint.

20. Denies the allegations set forth in paragraph "20" of the complaint.

21. Denies the allegations set forth in paragraph "21" of the complaint.

22. Denies the allegations set forth in paragraph "22" of the complaint, except Admits that a document purporting to be a notice of claim was filed with the City on September 14, 2006.

23. Denies the allegations set forth in paragraph "22" of the complaint, except Admits that no payments or adjustments have been made by the City.

24. Denies the allegations set forth in paragraph "24" of the complaint.

25. Denies the allegations set forth in paragraph "25" of the complaint.

26. In response to the allegations set forth in paragraph "26" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "25", inclusive of this answer, as is fully set forth herein.

27. Denies the allegations set forth in paragraph "27" of the complaint.

28. Denies the allegations set forth in paragraph "28" of the complaint.

29. Denies the allegations set forth in paragraph "29" of the complaint.

30. Denies the allegations set forth in paragraph "30" of the complaint.

31. Denies the allegations set forth in paragraph "31" of the complaint.

32. Denies the allegations set forth in paragraph "32" of the complaint.

33. In response to the allegations set forth in paragraph "33" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "32", inclusive of this answer, as is fully set forth herein.

34. Denies the allegations set forth in paragraph "34" of the complaint.

35. Denies the allegations set forth in paragraph "35" of the complaint.

36. Denies the allegations set forth in paragraph "36" of the complaint.

37. Denies the allegations set forth in paragraph "37" of the complaint.

38. In response to the allegations set forth in paragraph "38" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "37", inclusive of this answer, as is fully set forth herein.

39. Denies the allegations set forth in paragraph "39" of the complaint.

40. Denies the allegations set forth in paragraph "40" of the complaint.

41. In response to the allegations set forth in paragraph "41" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "40", inclusive of this answer, as is fully set forth herein.

42. Denies the allegations set forth in paragraph "42" of the complaint.

43. Denies the allegations set forth in paragraph "43" of the complaint.

44. Denies the allegations set forth in paragraph "44" of the complaint.

45. Denies the allegations set forth in paragraph "45" of the complaint.

46. Denies the allegations set forth in paragraph "46" of the complaint.

47. Denies the allegations set forth in paragraph "47" of the complaint.

48. Denies the allegations set forth in paragraph "48" of the complaint.

49. Denies the allegations set forth in paragraph "49" of the complaint.

50. Denies the allegations set forth in paragraph "50" of the complaint, including subparts a-g.

51. Denies that the plaintiff is entitled to any of the relief requested in plaintiff's Prayer for Relief.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

52. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

53. The City Of New York has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

54. At all times relevant to the acts alleged in the complaint, the duties and functions of the City's officials entailed the reasonable exercise of their proper and lawful discretion. Therefore, defendant City is entitled to governmental immunity from liability.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

55. Any injury alleged to have been sustained resulted, in whole or in part, from plaintiff's culpable or negligent conduct and was not the proximate result of any act of the defendants.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

56. Plaintiff failed to comply with the statutory requirements of New York Municipal Law 50-e and therefore any claims arising under that statute should be summarily dismissed as a matter of law.

### AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE:

57. Plaintiff provoked any incident.

### AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE:

58. Plaintiff cannot obtain punitive damages as against the City of New York.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:

59. Any purported arrest and detention of plaintiff was privileged.

**WHEREFORE,** defendant City Of New York respectfully requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         January 29, 2008

                    MICHAEL A. CARDOZO
                    Corporation Counsel of the
                    City of New York
                    Attorney for Defendant City Of New York,
                    100 Church Street
                    New York, New York 10007
                    (212) 788-0987

                    By:   /S/ Brian G. Maxey
                    BRIAN MAXEY (BM 0451)
                    Assistant Corporation Counsel

To:   Arnold Levine, Esq.
      Attorney at Law
      The Woolworth Building
      233 Broadway, Suite 901
      New York, NY 10279

07 CV 7993(BSJ)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| MATTHEW SMITH,<br><br>             Plaintiff,<br><br>      -against-<br><br>THE CITY OF NEW YORK and CORRECTION OFFICER "JOHN DOE" (said name being fictitious, as the true name is presently unknown), Individually and in his Official Capacity,<br><br>             Defendants. |
| **ANSWER TO COMPLAINT** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br> *Attorney for Defendants*<br> *100 Church Street, 3-178*<br> *New York, N.Y.  10007*<br><br> *Of Counsel:  Brian G. Maxey*<br> *Tel:  (212) 788-0987*<br> *NYCLIS No.* |
| *Due and timely service is hereby Admitted.*<br><br>*New York, N.Y.  ................................................, 2008 . . .*<br><br>*..................................................................Esq.*<br><br>*Attorney for...........................................................* |