UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

MATTHEW SMITH,

                Plaintiff,

      - against -                         **ORDER**

THE CITY OF NEW YORK, and      07 Civ. 7993 (BSJ)(FM)
CORRECTION OFFICER "JOHN DOE"
(said name being fictitious, as the true name
is presently unknown), Individually and in his
Official Capacity,

                Defendants.

------------------------------------------------------------x

**FRANK MAAS**, United States Magistrate Judge.

        Pursuant to the conference held earlier today, it is hereby ORDERED that:

1. On or before June 27, 2008, the Department of Correction shall produce all of its records relating to the incident herein alleged.

2. A settlement conference shall be held on September 5, 2008, at 10 a.m. in Courtroom 20A, United States Courthouse, 500 Pearl Street, New York, New York 10007. The parties are directed to comply with my settlement procedures, which are attached.

        SO ORDERED.

Dated:     New York, New York
             June 12, 2008

                                                  FRANK MAAS
                                     United States Magistrate Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/16/08

Copies to:

Hon. Barbara S. Jones
United States District Judge

Arnold J. Levine, Esq.
Fax: (212) 608-3280

Brian G. Maxey, Esq.
Assistant Corporation Counsel
NYC Law Department
Fax: (212)788-9776

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
UNITED STATES COURTHOUSE
500 PEARL STREET
NEW YORK, NEW YORK 10007

FRANK MAAS
UNITED STATES MAGISTRATE JUDGE

**Procedures Applicable to Cases Referred for Settlement
to Magistrate Judge Frank Maas**

1. All settlement conferences are "off the record" and all communications to the magistrate judge relating to settlement are confidential.

2. I shall function as a mediator, attempting to help parties reach agreement on terms of settlement. Efficient use of this process requires that counsel and their clients be (a) prepared for the conference; and (b) candid with the mediator. I shall hold only one conference -- this is not a dress rehearsal.

3. **No later than three business days before the settlement conference, counsel to each party shall submit a letter, no longer than <u>five</u> pages**, marked prominently "CONFIDENTIAL MATERIAL FOR USE AT SETTLEMENT CONFERENCE ON __(DATE)__." The letter need not be served on other parties, and should state succinctly: (a) the relevant facts; (b) the history of any settlement negotiations; (c) counsel's evaluation of the settlement value of the case and the rationale for it (not simply an "opening bid"); and (d) any other facts that would be helpful for me to know before the conference. To assure receipt no later than 4:00 p.m. on the due date, it is recommended that pre-conference submissions be sent via facsimile to 212-805-6724.

4. At the settlement conference, counsel may be asked to make a <u>brief</u> presentation (usually 10 minutes or less) in the presence of each other and the parties summarizing: (a) any issues of fact or law which they regard as dispositive; (b) the most recent offer or demand communicated to adverse counsel; and (c) any other matters they regard as material to settlement. Although the merits of the case are relevant to settlement value, counsel are reminded that settlement conferences are not adjudicatory in nature; discussions of legal issues should be simple and straightforward, with due regard to the importance of participation by the parties in the settlement process.

5. Where all parties are represented by counsel, I shall also meet separately with each side. In these meetings, the parties and their counsel should be prepared to discuss the bases for their stated position, the amount of attorneys' fees and litigation expenses incurred to date and an estimate of the cost of litigating the case to judgment. Where any party appears <u>pro se</u>, separate meetings are not ordinarily held.

6. The presence in person of <u>parties</u>, as well as their lawyers, is essential to the mediation process. In particular, it is important that parties hear the adversary's presentation and have the opportunity to speak with the mediator outside the presence of any adversary. For these reasons, requests that parties be excused from the conference are rarely granted, unless a party is in prison or lives far away from New York City (at least 100 miles). Corporate parties or labor unions should send the person with decision-making authority who gives directions to the attorney of record. <u>Where liability insurance is involved</u>, a knowledgeable representative of the carrier should attend in addition to the insured. Where any government agency is a party, the attorney of record should be accompanied by a knowledgeable representative of the agency involved in the case, regardless of who has ultimate authority to recommend or approve settlement. Unless otherwise directed, in cases in which the City of New York is a defendant, a representative of the Comptroller's Office need not attend, provided that such representative is available by telephone. Similarly, in cases in which New York City law enforcement officials are defendants, the individual defendants need not attend if they are being represented by the Law Department.

7. If a party fails to come to the settlement conference with all the required persons (attorney, plus a decision-making employee from the client, plus a decision-making representative from the insurance carrier), that party may be required to reimburse all the other parties for their time and travel expenses.

8. Judge Maas typically allots at least two hours for a settlement conference. Because the Thurgood Marshall Courthouse (40 Centre Street) has been closed for renovation, Judge Maas shares a courtroom with another judge, which makes the rescheduling of settlement conferences extremely difficult. Telephone requests for adjournment are not entertained. A request for adjournment must, if at all possible, be in the form of a <u>joint</u> letter from the attorneys for all the parties, and must, if at all possible, suggest two alternative dates when the attorneys and their clients will be available. In any event, a request for adjournment is inoperative unless it mentions the position of each party with respect to the requested adjournment.

9. Except for pre-conference submissions pursuant to ¶ 3, all communications with chambers regarding pending cases must be in writing, sent by U.S. mail or via facsimile, with copies to all counsel of record by means no less expeditious than that used to transmit the original.

10. If the case is settled prior to a scheduled conference, and the parties wish to cancel the conference, a "thirty-day order" must be submitted to Chambers <u>prior</u> to the conference. Upon request, this form will be faxed to you. The form that Judge Maas requires provides that the case shall be discontinued with prejudice and without costs, provided, however, that counsel for the plaintiff may apply within thirty days by letter for restoration of the case to the calendar, in which event it will be returned to the active calendar. The form further provides that the parties and their counsel consent to the exercise of jurisdiction over the case by Judge Maas for the limited purpose of entering the Order of Discontinuance. <u>See</u> 28 U.S.C. § 636(c). **Unless such a discontinuance is received prior to the conference, a previously-scheduled settlement conference will not be cancelled.**

Please complete this form, sign it, and send it by mail or by facsimile to:

Frank Maas
U.S. Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 740
New York, NY 10007
Facsimile No. (212) 805-6724  (facsimile is preferable)

**Name of Case:** _____

**Docket number:** _____ ( )(FM)

1. I represent _____.

2. I acknowledge that my client and I must attend a settlement conference in Courtroom 20A at 500 Pearl Street, New York, New York on _____, 200 , at _____.

    a. The name of my client(s) who will attend the conference is (are) _____ _____ . (In the case of a client who is not an individual, supply the name <u>and title</u> of the employee who will attend.)

    b. He/she will attend by telephone because (CHECK ONE):

        \_\_\_ I hereby certify that my client lives more than 100 miles from New York City.

        \_\_\_ My client is not an individual, and I hereby certify that no knowledgeable employee of my client or of an affiliate of my client lives within 100 miles of New York City.

3. I acknowledge receiving a copy of the 2-page document entitled "Procedures Applicable to Cases Referred for Settlement to Magistrate Judge Frank Maas." I acknowledge that I must submit a pre-conference confidential letter to Judge Maas three business days <u>before</u> the conference.

_____
Attorney's Name (please print and sign)